IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT EDWARD MCLAREN,<br><br>Defendant. | CR 12–1–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Scott Edward McLaren's Motion for Early Termination of Supervision. (Doc. 45.) The United States defers to the discretion of the Court. (*Id.* at 2.) For the reasons below, the Court denies the Motion.

**Background**

On July 20, 2012, Defendant was sentenced for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). (Doc. 30.) The Court sentenced Defendant to 84 months of imprisonment, followed by 15 years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on August 23, 2018. (Doc. 46 at 2.) On November 15, 2018, the Court modified Defendant's conditions of supervised release to conform to Ninth Circuit caselaw, including the addition of the following special conditions:

1

2. The defendant shall enter and successfully complete a sex offender treatment program. The defendant is to enter a program designated by, and until released by, the United States Probation Office. The defendant is to pay all or part of the costs of treatment as directed by United States Probation Office.

3. The defendant shall submit to not more than six polygraph examinations per year as directed by United States Probation to assist in treatment, planning, and case monitoring. The defendant maintains the Fifth Amendment right during polygraph examinations and may refuse to answer any incriminating questions. The defendant is to pay all or part of the cost of the examinations as directed by United States Probation Office.

(Doc. 36 at 1.)

On May 5, 2023, Defendant petitioned the Court to modify his conditions of release, arguing as follows:

> Mr. McLaren's physical disability and medical issues make attending sex offender treatment and polygraph examinations, as required by special conditions 2 and 3, impractical and unnecessary. In the past, Mr. McLaren suffered from cancer (non-Hodgkins lymphoma) in his stomach and intestines, and continues to receive regular screenings. PSR ¶ 37. Presently, Mr. McLaren is obese and suffers from bipolar disorder, narcolepsy, sleep apnea, Type 2 diabetes, chronic prostatitis, a history of gallstones, and generalized anxiety disorder. See Exhibit A. Mr. McLaren also has lichen sclerosus of the penis, an inflammatory skin condition which has caused multiple problems and necessitated surgery and the insertion of a suprapubic urinary catheter. See Exhibits A, B. He attended physical therapy after a narcoleptic episode caused him to "black out" and fall, suffering a concussion. See Exhibit C. The probation office informs that the polygrapher was unable to complete a polygraph examination of Mr. McLaren because his physical maladies disrupt his breathing and movement, making accurate testing impossible.

(Doc. 40 at 4.) On May 22, 2023, the Court granted Defendant's motion and struck Special Conditions 2 and 3. (Doc. 42.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because his chronic health issues keep him homebound. (Doc. 46 at 6.) Defendant also highlights that the collateral consequences of being registered as a sex offender are substantial. (*Id.* at 7–10.) Finally, Defendant

3

argues that his supervised release should be terminated because he is focused on his family and his health. (*Id.* at 10.)

The Court finds that the pertinent factors weigh against early termination of supervised release at this time. While Defendant is not a hands-on offender, receipt of child pornography is not a victimless crime. Defendant has served less than half of the term of supervised release imposed by the Court. The Court believes supervision is still necessary to protect the public from future crimes committed by Defendant. However, the Court would consider a renewed motion for early termination of supervised release once Defendant has served 10 years of the 15-year term imposed.

Thus weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court finds that an early termination of supervised release is inappropriate at this time.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 45) is DENIED.

DATED this 30th day of January, 2025.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court